ERVIN T. CASE, Administrator, *v.* EDWIN N. DENNISON.

A gift "*causa mortis*" cannot be sustained when there has been no delivery of the subject of the gift so claimed, although, at the time it was sought to be made, it was out of the reach of the would-be donor, so that the delivery was impossible.

TROVER and conversion by the plaintiff, as administrator on the estate of Sarah W. Dennison, late of Providence, deceased.

The declaration alleged that the plaintiff, in his capacity of administrator on the estate of the said Sarah W. Dennison, was entitled to the possession of a certain bank book containing evidence of the deposit of money with the People's Savings Bank of Providence, marked "Ledger B., page 246." "Deposit of $425, July 16th, 1855," being the property of the said Sarah W. Dennison in her lifetime, which said book came into the hands and possession of the said defendant by finding, and that the said defendant converted the same to his own use, etc.

PLEA, the general issue, and issue joined.

A jury trial having been waived, the case was submitted to the court in fact and law.

The material facts upon which the decision of the case turned, are sufficiently set forth in the opinion of the court.

*Case, pro seipso.*

*W. H. Greene, for the defendant.*

DURFEE, J.   According to the testimony or admissions made in this case, the plaintiff's intestate was a married woman who had separated from her husband, a resident of Connecticut, and had for some time previous to her death been living with her son-in-law, Rufus B. Lawton, in Providence, R. I.   In July, 1855, she came into the possession of $425, which she gave to her said son-in-law, and told him to do with it what he saw fit. He deposited it in her name in the People's Savings Bank, in Providence, and told her what he had done, to which she replied that it was all right.   The bank-book, however, did not pass into her keeping, but remained in a bureau drawer of Lawton or his wife, a daughter of the intestate, at his house in Providence.   In November, 1855, the intestate died at Mystic, in Connecticut.   Shortly before her death, her son, the defendant, being present, she told him she had not long to live, spoke of the bank-book being in the possession of her son-in-law, and that she wanted the defendant to get it, settle the bills, and if anything was left to divide it among her three children.   She said she did not want her husband to have it.   Her three children were the defendant, another son, and Mrs. Lawton.   After her death the defendant obtained the book, but the bank refused to pay over the deposit to him without a bond.   It is admitted that the defendant had the book at and before the commencement of this action, that the plaintiff demanded it of him, and that the defendant refused to give it up, claiming to hold it as a gift *mortis causa.*

For the purposes of our decision, we deem it unnecessary to recite the testimony or admissions more at length.   We think the defendant is not entitled to either the bank book or the money which it represents, as a gift *mortis causa.*   There was no delivery, and there are cases which support the view that, with-

out a delivery, such a gift cannot be sustained, even where the subject of the gift is in the possession of the donee when the gift is made. *Cutting* v. *Gilman*, 41 N. H. 147; *Huntington* v. *Gilmore*, 14 Barb. S. C. 243; *Shower* v. *Pilek*, 4 Exch. 477. In this case the immediate donee, if we may so term the defendant, was not in possession of the bank-book when it is claimed to have been given. It is urged that the book was in the possession of Mrs. Lawton, who, it is claimed, was a donee, and that it was not where the intestate could get it to deliver, and that, upon these grounds, the gift should be sustained. But we think a delivery should not be dispensed with on such grounds. To hold otherwise would, in our opinion, trench upon the statute, and open a door to the class of evils which are incident to nuncupative wills. We give the plaintiff judgment.

*Judgment for plaintiff, which, by agreement, was entered for nominal damages only.*